IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRY COOMBS,

    Plaintiff,

v.                                                          1:22-cv-00041-JHR

FORREST FENN, ZOE OLD,
JENNY KILE, DOUGLAS PRESTON,
TAYLOR SWIFT and JACK STUEF,

    Defendants.

## ORDER TO SHOW CAUSE

*Pro se* Plaintiff alleges Defendant Forrest Fenn hid a "treasure" "in the Rockies in 2010 worth millions" and provided clues to the location of the treasure. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, Doc. 1, filed January 19, 2022 ("Complaint"). "Plaintiff solved the location and the Treasure was not there at his special place in New Mexico in 2016." Complaint at 2. Plaintiff alleges "Fenn had his game winning treasure retrieved from NM location before 9/2016 ([Plaintiff] was at the location 9/2016) and then he declared and stated his game as over 6/8/2020 because it was found 6/6/2020." Complaint at 9. Plaintiff asserts fraud and conspiracy claims against Defendants. This is the second case regarding this matter that Plaintiff has filed in this District.

*Coombs I*

Plaintiff filed his first complaint regarding this matter on August 20, 2021. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed in *Coombs v. Fenn*, No. 1:21-cv-00806-WJ-LF ("*Coombs I*"). Defendants were: (i) Forrest Fenn, who hid the treasure and published a poem with clues to the location of the treasure; (ii) Jenny Kile, Fenn's "friend/partner;" (iii) Taylor

Swift, a "music star;" (iv) Zoe Old, who "manages" the Fenn estate; (v) Jack Stuef, the "Finder" of the treasure; and (vi) Douglas Preston, a "Fenn friend."  Doc. 4, filed August 26, 2021, in *Coombs I*.

After United States Magistrate Judge Laura Fashing notified Plaintiff that the Complaint failed to state a claim, *see* Doc. 4, filed August 26, 2021, in *Coombs I*, Plaintiff filed an amended complaint, *see* Doc. 6, filed September 15, 2021, in *Coombs I*.

After notifying Plaintiff that several of the allegations in the Amended Complaint appear to be speculative and that the Court is not required to take as true factual allegations that are speculative, Judge Fashing ordered Plaintiff to file a supplement to the amended complaint describing the evidentiary support for the factual allegations.  *See* Doc. 9, filed October 20, 2021, in *Coombs I* (stating "These and other allegations in the Amended Complaint appear to be speculative because it is not apparent how Plaintiff, who resides in California, would have personal knowledge of actions and agreements of Fenn and other Defendants in New Mexico and elsewhere").

Plaintiff contended that only three people knew where the treasure was hidden: (i) Fenn; (ii) Fenn's friend Kile; and (iii) Plaintiff.  *See* Supplement, Doc. 10, filed November 10, 2021, in *Coombs I*.  Plaintiff concluded that because the treasure was not at the location Plaintiff determined from Fenn's clues, Fenn and/or Kile must have retrieved the treasure before Plaintiff went to that location.  *See id.* at 2, ¶ 31 ("Three people on the Planet know the location ... [Plaintiff] does not have the prize ... so only Fenn or Kile have it").  Plaintiff also presented his "solve" of Fenn's clues, along with photographs and illustrations, to support his allegation that he knew the location of Fenn's hidden treasure on "9/20/2016."  Supplement at 3, ¶ 34, in *Coombs I*.

Plaintiff's Second Supplement asserted that Taylor Swift provided clues to the location of the treasure in her music videos. *See* Doc. 13, filed December 3, 2021, in *Coombs I*. His Third Supplement asserted that Taylor Swift created this "Fenn add-on treasure hunt" and provides clues in some of her music videos. *See* Doc. 14, filed December 20, 2021, in *Coombs I*.

Chief United States District Judge William P. Johnson dismissed *Coombs I* without prejudice stating:

> The Court dismisses the Amended Complaint for failure to state a claim upon which relief can be granted because Plaintiff has not alleged plausible, non-conclusory, and non-speculative facts that the treasure was hidden at the location identified by Plaintiff or that Fenn or others retrieved or conspired to retrieve the treasure from the location identified by Plaintiff. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (stating courts "tak[e] as true all well-pled (that is, plausible, non-conclusory, and non-speculative), facts alleged in plaintiffs' complaint." (citing *Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Mikelson v. Conrad*, 839 Fed.Appx. 275, 277 (10th Cir. 2021) (same; quoting *Dudnikov*). There are only speculative allegations that Fenn and others must have retrieved or conspired to retrieve the treasure because the treasure was not at the location Plaintiff believed to be the location where Fenn hid the treasure.

Doc. 15 at 9, filed December 27, 2021, in *Coombs I*.

***Coombs II***

Plaintiff now asserts fraud and conspiracy claims in his 68-page Complaint, which is largely single-spaced text and contains numerous photographs and illustrations. The factual allegations in the Complaint are very similar to those in Plaintiff's amended complaint and supplements filed in *Coombs I*. *See* Complaint at 2 (stating "This Complaint ... is similar [to] the original complaint"). Plaintiff's fraud and conspiracy claims are based, as they were in *Coombs I*, on Plaintiff's allegations that Plaintiff was the only person besides Defendants Fenn and Kile that knew the location of the treasure and that Fenn and others must have retrieved or conspired to retrieve the treasure because the treasure was not at the location Plaintiff believed to be the location where Fenn hid the treasure. *See* Complaint at 9, ¶ 24 ("Forrest Fenn had his game winning

treasure retrieved from NM location before 9/2016"); at 10 ("Fenn & Kile agree to remove Chest from NM location ... Kile and Fenn remove chest from game winning location"); at 10, ¶ 11 ("The Court must understand how only three people on the Planet knew the exact location as of 9/20/2016"); at 12, ¶ 23.a, c ("How does Plaintiff know 100% non-conclusory that Fenn and Kile removed the prize from Navajo Peak? It is proven fact at this point that Navajo Peak is the absolute hiding location.  This fact need not be debated as 1 in a trillion-trillion is not debatable ... On 9/10/2016 three people now know the Fenn prize hiding location. Fenn, Kile and [Plaintiff]").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for the same reasons it dismissed *Coombs I*.  *See* Doc. 4, filed August 26, 2021, in *Coombs I* (stating elements necessary to state claims for fraud and conspiracy, notifying Plaintiff that the complaint failed to state a claim and ordering Plaintiff to file an amended complaint); Doc. 9, filed October 20, 2021, in *Coombs I* (stating the Court is not required to accept speculative factual allegations as true and ordering Plaintiff to describe the evidentiary support for the factual allegations); Doc. 15, filed December 27, 2021, in *Coombs I* (dismissing case for failure to state a claim because Plaintiff failed to provide non-speculative evidentiary support for his allegations that Plaintiff determined the location of the hidden treasure and that Fenn retrieved the treasure or conspired with the other Defendants to have the treasure retrieved before Plaintiff could retrieve it).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case.  Plaintiff's response to this Order shall be limited to 25 double-spaced pages.  Failure to timely show cause may result in dismissal of this case.

_____
**JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**