**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TERRY COOMBS,

        Plaintiff,

v.                                                                        1:22-cv-00041-KG-JHR

FORREST FENN, ZOE OLD,
JENNY KILE, DOUGLAS PRESTON,
TAYLOR SWIFT and JACK STUEF,

        Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

*Pro se* Plaintiff alleges Defendant Forrest Fenn hid a "treasure" "in the Rockies in 2010 worth millions" and provided clues to the location of the treasure. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, Doc. 1, filed January 19, 2022 ("Complaint"). Plaintiff alleges he "solved the location and the Treasure was not there at his special place in New Mexico in 2016." Complaint at 2. Plaintiff alleges "Fenn had his game winning treasure retrieved from NM location before 9/2016 ([Plaintiff] was at the location 9/2016) and then he declared and stated his game as over 6/8/2020 because it was found 6/6/2020." Complaint at 9. Plaintiff asserts fraud and conspiracy claims against Defendants. This is the second case regarding this matter that Plaintiff has filed in this District.

*Coombs I*

Plaintiff filed his first complaint regarding this matter on August 20, 2021. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed in *Coombs v. Fenn*, No. 1:21-cv-00806-WJ-LF ("*Coombs I*"). Defendants were: (i) Forrest Fenn, who hid the treasure and published a poem with clues to the location of the treasure; (ii) Jenny Kile, Fenn's "friend/partner;" (iii) Taylor

Swift, a "music star;" (iv) Zoe Old, who "manages" the Fenn estate; (v) Jack Stuef, the "Finder" of the treasure; and (vi) Douglas Preston, a "Fenn friend." Doc. 4, filed August 26, 2021, in *Coombs I*.

After United States Magistrate Judge Laura Fashing notified Plaintiff that the Complaint failed to state claims for fraud and conspiracy, *see* Doc. 4, filed August 26, 2021, in *Coombs I*, Plaintiff filed an amended complaint, *see* Doc. 6, filed September 15, 2021, in *Coombs I*.

Judge Fashing notified Plaintiff that several of the allegations in the Amended Complaint "appear to be speculative because it is not apparent how Plaintiff, who resides in California, would have personal knowledge of actions and agreements of Fenn and other Defendants in New Mexico and elsewhere." Doc. 9 at 2, filed October 20, 2021, in *Coombs I*. Judge Fashing explained that the Court is not required to take as true factual allegations that are speculative and ordered Plaintiff to file a supplement to the amended complaint describing the evidentiary support for the factual allegations:

> Rule 11(b) provides in relevant part:
>
> Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> Fed. R. Civ. P. 11(b).
> ....
>
> Plaintiff shall file a supplement to his Amended Complaint. The supplement shall describe the evidentiary support for the factual allegations in the Complaint and the Amended Complaint where it is not apparent that Plaintiff has personal knowledge of the allegation or Plaintiff has not already provided evidentiary support. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("a district court must retain

the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed"). If Plaintiff contends that any of the factual allegations will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Plaintiff must explain why those allegations will likely have evidentiary support after further investigation or discovery.

Doc. 9 at 1-3, filed October 20, 2021, in *Coombs I.*

In his first Supplement, Plaintiff contended that only three people knew where the treasure was hidden: (i) Fenn; (ii) Fenn's friend Kile; and (iii) Plaintiff. *See* Supplement, Doc. 10, filed November 10, 2021, in *Coombs I*. Plaintiff concluded that because the treasure was not at the location Plaintiff determined from Fenn's clues, Fenn and/or Kile must have retrieved the treasure before Plaintiff went to that location. *See id.* at 2, ¶ 31 ("Three people on the Planet know the location ... [Plaintiff] does not have the prize ... so only Fenn or Kile have it"). Plaintiff also presented his "solve" of Fenn's clues, along with photographs and illustrations, to support his allegation that he knew the location of Fenn's hidden treasure on "9/20/2016." Supplement at 3, ¶ 34, in *Coombs I*. Plaintiff's Second Supplement asserted that Taylor Swift provided clues to the location of the treasure in her music videos. *See* Doc. 13, filed December 3, 2021, in *Coombs I*. His Third Supplement asserted that Taylor Swift created this "Fenn add-on treasure hunt" and provides clues in some of her music videos. *See* Doc. 14, filed December 20, 2021, in *Coombs I*.

Chief United States District Judge William P. Johnson dismissed *Coombs I* without prejudice stating:

> The Court dismisses the Amended Complaint for failure to state a claim upon which relief can be granted because Plaintiff has not alleged plausible, non-conclusory, and non-speculative facts that the treasure was hidden at the location identified by Plaintiff or that Fenn or others retrieved or conspired to retrieve the treasure from the location identified by Plaintiff. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (stating courts "tak[e] as true all well-pled (that is, plausible, non-conclusory, and non-speculative), facts alleged in plaintiffs' complaint." (citing *Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Mikelson v. Conrad*, 839 Fed.Appx. 275, 277 (10th Cir. 2021) (same; quoting

3

>   *Dudnikov*). There are only speculative allegations that Fenn and others must have retrieved or conspired to retrieve the treasure because the treasure was not at the location Plaintiff believed to be the location where Fenn hid the treasure.

Doc. 15 at 9, filed December 27, 2021, in *Coombs I*.

### *Coombs II*

Plaintiff now asserts fraud and conspiracy claims in his 68-page Complaint, which is largely single-spaced text and contains numerous photographs and illustrations. The factual allegations in the Complaint are very similar to those in Plaintiff's amended complaint and supplements filed in *Coombs I*. *See* Complaint at 2 (stating "This Complaint ... is similar [to] the original complaint"). Plaintiff's fraud and conspiracy claims are based, as they were in *Coombs I*, on Plaintiff's allegations that Defendants Fenn and Kile were the only persons besides Plaintiff who knew the location of the treasure and that Fenn and others must have retrieved or conspired to retrieve the treasure because the treasure was not at the location Plaintiff believed to be the location where Fenn hid the treasure. *See* Complaint at 9, ¶ 24 ("Forrest Fenn had his game winning treasure retrieved from NM location before 9/2016"); at 10 ("Fenn & Kile agree to remove Chest from NM location ... Kile and Fenn remove chest from game winning location"); at 10, ¶ 11 ("The Court must understand how only three people on the Planet knew the exact location as of 9/20/2016"); at 12, ¶ 23.a, c ("How does Plaintiff know 100% non-conclusory that Fenn and Kile removed the prize from Navajo Peak? It is proven fact at this point that Navajo Peak is the absolute hiding location. This fact need not be debated as 1 in a trillion-trillion is not debatable ... On 9/10/2016 three people now know the Fenn prize hiding location. Fenn, Kile and [Plaintiff]").

United States Magistrate Judge Jerry H. Ritter ordered Plaintiff to show cause why the Court should not dismiss this case for the same reasons it dismissed *Coombs I*. *See* Order to Show Cause, Doc. 7, filed February 25, 2022.

In his Response to Judge Ritter's Order to Show Cause, Plaintiff states:

> Fenn stated publicly many times that he estimated ~350,000 people bought-in and/or participated in his treasure hunt game ... Fenn acted without sincere action. Fenn did not place or retrieved his prize before 9/10/2016. Fenn did not fulfill his obligations of the contract. The prize was not at the winning location, making his game an un-win-able wild goose chase.
> 
> ....
> 
> Fenn dangled a $2.5 million carrot in front of many million people on TV and press releases. He repeated year after year that only he himself knew the hiding location. [Defendant] Swift releases prove that she knew the location in 9/2017; [Defendant] Kile exposes her knowledge in 8/2016 with her India clue. [Defendant] Preston exposes his knowledge in the Bookstore book sale show 11/2017. [Defendant] Stuef filed for tax free status in Puerto Rico in 2019. [Defendant] Old continues to separate the prize from the Fenn estate so she may never show a real audit of the prize contents.

Response at 1-3, Doc. 10, filed March 15, 2022. Plaintiff cites United States Supreme Court cases stating: (i) "In assessing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court is obligated to accept as true all well-pleaded factual allegations in the Amended Complaint, and view them in the light most favorable to plaintiff;" (ii) "Defendant's motion is to be granted only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief;'" and (iii) "all the Rules require is a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Response at 4.

The Court dismisses this case for failure to state claims for fraud and conspiracy. Neither the Complaint nor Plaintiff's Response to Judge Ritter's Order to Show Cause alleges non-conclusory, non-speculative facts to support Plaintiff's allegations that Fenn and others must have retrieved or conspired to retrieve the treasure because the treasure was not at the location Plaintiff believed to be the location where Fenn hid the treasure. Nor does Plaintiff's Response address well-settled case law that the Court is only required to take as true all well-pled (that is, plausible, non-conclusory, and non-speculative), facts alleged in Plaintiff's Complaint and has the power to

insist upon some specificity in pleading before allowing a case to proceed. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (stating courts "tak[e] as true all well-pled (that is, plausible, non-conclusory, and non-speculative), facts alleged in plaintiffs' complaint." (citing *Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Mikelson v. Conrad*, 839 Fed.Appx. 275, 277 (10th Cir. 2021) (same; quoting *Dudnikov*); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed").

Barbara Andersen and David Robert Woodard have each filed a motion to intervene claiming that they are the "true solver" of Fenn's clues to the location of the hidden treasure. Because it is dismissing this case, the Court denies those motions as moot.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Barbara Andersen's Motion for Leave to Intervene, Doc. 8, filed March 1, 2022, is **DENIED.**

(iii) David Robert Woodard's Motion to Intervene, Doc. 9, filed March 9, 2022, is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE